LANDRY v. CHECKER CAB CO., INC

(April 9, 1928.  Opinion and Decree.)
(May 7, 1928.  Rehearing Refused.)

(*Syllabus by the Court*)

1.  **Louisiana Digest—Appeal—Par. 625.**
Where there is no manifest error in the decision of the trial judge on a question of fact, his judgment will be affirmed.

2.  **Louisiana Digest—Appeal—Par. 635, 637**
Amount will be reduced where the evidence as to earnings is vague and the physician testifies that the suffering was not great.

Appeal from Civil District Court, Div. "B." Hon. Mark M. Boatner, Judge.

Action by Joseph L. Landry against the Checker Cab Co., Inc.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Spearing, Miller & Mabry, of New Orleans, attorneys for plaintiff, appellee.

P. L. Fourchy, of New Orleans, attorney for defendant, appellant.

JONES, J. Plaintiff claiming to have been injured in an automobile collision sues defendant for damages in the sum of Four Hundred Ninety-five and 45-100 ($495.45) Dollars, itemized as follows:

| | |
|---|---|
| (a) 4 weeks salary at $41.00 per week | $164.00 |
| (b) Damages to suit of clothes, costing $27.50 | 15.00 |
| (c) Physician's services to date | 9.70 |
| (d) Hospital services | 6.00 |
| (e) Taxicab from hospital to home | .75 |
| Pain and suffering | 300.00 |
| | $495.45 |

Defendant denied the allegations of plaintiff and pleaded contributory negligence.

As the accident happened at the corner of Dryades and Poydras Streets, just above where the market crosses Dryades Street, the trial Judge visited the scene of the accident, had the two taxicabs placed in the positions which they claimed to have occupied just prior to the impact and drew a diagram of the intersection showing the line of vision between the drivers.

After careful examination of the diagram and the entire evidence, we agree with the trial Judge in thinking that defendant's driver was negligent, because he did not stop his cab and see plaintiff who

had the right-of-way coming up Dryades Street. As the Judge's diagram shows that the defendant's driver could have seen plaintiff twenty-one feet down Dryades Street, and as the photographs of plaintiff's cab in the record show that it was struck on the rear right fender, defendant's driver evidently tried to get across before the way was clear and thereby caused the accident.

We think the amount allowed a little too high.

The doctor testified that plaintiff, who had three fingers on his left hand broken, was in hospital three days and then was treated by him for three weeks when he was discharged as free of disability.

Plaintiff testifies that the highest check he ever got for his weekly salary in the best winter months was Twenty-seven and 91-100 ($27.91) Dollars and that in addition to this he got tips and extra pay for extra passengers and his whole pay amounted during the winter months to Thirty-five or Forty Dollars per week.

As the doctor testifies that there was no great amount of suffering connected with the accident, we think substantial justice will be done by allowing him:

For pain and suffering _____$250.00
For 4 weeks salary at $30 per week  120.00
For damage to suit _____  5.00
                                          _____
Total _____$375.00
The other damages are not proved.

For above reasons it is now ordered that there be judgment in favor of Jos. L. Landry and against defendant Checker Cab Co., Inc., in the sum of Three hundred seventy-five ($375.00) Dollars, with legal interest from judicial demand.